IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ANGEL CORONA-ARREOLA, a.k.a. MIGUEL HERNANDEZ,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S SUPPLEMENTAL § 2255 PETITION<br><br><br>Civil Case No. 2:03-CV-777 TS<br><br>Criminal Case No. 2:02-CR-199 TS |

On September 9, 2004, the Court issued an Order denying Petitioner's original § 2255 Petition, but reserving ruling on Petitioner's Supplemental Petition. That Supplemental Petition is now before this Court.

In his Supplemental Petition, filed August 27, 2004, Petitioner raised issues under Blakely v. Washington, 540 U.S. 965 (2004). As it was not clear at that time whether Blakely applied to the federal sentencing guidelines or, more importantly, to collateral appeals or retroactively, in its September 9, 2004 Order, the Court reserved ruling on these issues "until

further clarification by the Supreme Court." That further clarification came in the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005).[1]

The procedural history of this case from the underlying criminal case through direct appeal and subsequent collateral appeal is set forth in the Court's September 9, 2004 Order, and will not be repeated here. The only issue before the Court is whether the 16-level enhancement applied to Petitioner in the underlying criminal case is unconstitutional under Blakely and/or Booker. As is further set forth below, the Court finds that it is not, that these cases do not afford the relief Petitioner seeks, and that the sentence imposed upon Petitioner was in full accordance with the Sixth Amendment, as the Court has previously found in its September 9, 2004 Order.

As an initial matter, the Court finds that the issues raised in Petitioner's Supplemental Petition are properly before the Court. Petitioner's arguments pursuant to Blakely and Booker arise out of his original arguments under Apprendi throughout the pendency of the underlying criminal case, the direct appeal, and the original collateral appeal. However, although the issues being dealt with as Petitioner's Supplemental Petitioner are contained in a pleading entitled "Motion to Amend 28 U.S.C. § 2255 Petition," the Court will not allow further amendment of the Petition due to futility. As a matter of law, Petitioner's claims under Blakely and Booker do not entitle him to any relief, and further briefing of the issues would serve no purpose.

---

[1] The Court notes that the government's untimely response to Petitioner's Supplemental Petition was stricken by the Court in its July 21, 2005, Order Granting Petitioner's Motion to Strike the Government's Opposition Reply.

Simply put, Booker does not apply to cases on collateral appeal.[2]  The Tenth Circuit has explained that "[a] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive."  Leonard v. United States, 383 F.3d 1146, 1148 (10th Cir. 2004).  The Supreme Court in Booker explicitly held that it applied "to all cases on direct review."  125 S.Ct. at 769, citing Griffith v. Kentucky, 479 U.S. 314, 328 (1987).

The Tenth Circuit has specifically considered this issue and ruled squarely: "we hold that Blakely *does not apply retroactively* to convictions that were already final at the time the Court decided Blakely, June 24, 2004."  United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005) (emphasis added);  See also United States v. Lucero, 123 Fed. Appx. 918, 2005 WL 388731 (10th Cir. Feb. 18, 2005)(unpublished opinion)("We hold that the rule announced in Booker is not retroactive.").  Because Petitioner's conviction was clearly final by June 24, 2004, Booker does not apply retroactively to this case.

Based upon the above, it is hereby

ORDERED that Petitioner's Supplemental Petition is DENIED.

DATED this 26th day of July,  2005.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[2] However, even if the Court found that Booker applied to this collateral appeal, the Court would find that Booker is inapposite here and would not afford Petitioner the relief sought, as there was no Sixth Amendment violation in this case, and the sentence imposed was reasonable.

3